Harris *et al. v.* Carpenter *et al.*

Filed Feb. 15, 1887.

———————————————

No. 12,311.

## HARRIS ET AL. *v.* CARPENTER ET AL.

WILL.—*Construction.*—*Vested and Contingent Remainders.*—The law favors vested estates, and no remainder will be construed to be contingent which may, consistently with the intention, be deemed vested.

SAME.—*Survivorship.*—*Intention.*—Survivorship is generally, in the absence of an expressed or fairly implied intention to the contrary, construed to refer to the testator's death.

SAME.— *Vested Remainder.*—A testator devised certain land to his wife for life, providing that " at her death the same shall be the property of and pass to my daughter, L., in fee; but if she, said L., be not living, then to her heirs forever."

*Held*, that the survivorship referred to the testator's death, and that the daughter took a vested remainder in fee.

From the Marion Superior Court.

*A. C. Harris* and *W. H. Calkins*, for appellants.

*J. S. Duncan, C. W. Smith* and *J. R. Wilson*, for appellees.

NIBLACK, J.—The complaint in this case alleges that, on the 4th day of September, 1871, Obadiah Harris, then being the owner of certain real estate situate in the county of Marion, in this State, upon which he resided, together with certain personal property, executed and published his will disposing of all of his property ; that the said Harris died in April, 1875, being still the owner of the property described in his said will; that said will was afterwards duly admitted to probate, the substantial part of which is as follows :

" Item 1. I give and devise to my wife, Ruth Harris, all

of the stock, household goods, furniture, provisions, farming implements and other goods and chattels on my farm, and which I may own at the time of my decease, to be hers forever.

" Item 2. I further give and devise to her, in lieu of her interest in my lands, the following part and parcel of the farm in Wayne township, Marion county, State of Indiana, on which we now reside, bounded and described as follows, to wit: " (Then comes a description of the land). " She, my said wife, to have the same after my death for and during the period of her natural life ; and at her death the same shall be the property of and pass to my daughter, Laura Carpenter, the wife of Henry W. Carpenter, in fee ; but if she, said Laura, be not living, then to her heirs forever.

" Item 3. The remainder of my said farm, bounded and described as follows:" (Describing the land) ; " shall, after my death, be sold by my executor in such manner and on such terms as may be deemed best for the purpose of realizing the greatest sum therefor; and the proceeds arising therefrom I give and devise to my heirs other than the said Laura and my said wife, to be distributed by my executor in the following manner, that is to say :

"(1) To my daughter, Hannah Wilson, wife of Andrew Wilson, one-seventh ($\frac{1}{7}$) part thereof.

"(2) To Nancy Ballard, my daughter, wife of Joseph Ballard, the one-seventh ($\frac{1}{7}$) part thereof.

"(3) To my daughter, Naomi Johnson, wife of Marion Johnson, the one-seventh ($\frac{1}{7}$) part thereof.

"(4) To my son, John Haney Harris, the one-seventh ($\frac{1}{7}$) thereof.

"(5) To my granddaughter, Dora Miller, one-seventh ($\frac{1}{7}$) thereof.

"(6) To my two granddaughters, Narcissa Cuttington and Minerva Gotham, heirs of my daughter Avis, now deceased, each one-half ($\frac{1}{2}$) of one-seventh ($\frac{1}{7}$) thereof.

"(7) To the heirs of my son, Lewis Harris, deceased, the

one-seventh ($\frac{1}{7}$) thereof, to be divided between them in the proportion provided by law in case of descent of property to them from me at the time of my death.

" Item 4. After my just debts are paid, I give the rest of my property, of which I may die seized, both personal and real, after paying to my wife, Ruth, the sum of one thousand dollars ($1,000), to my grandchildren living at the time of my death, to be divided equally between them."

" Item 5 " names the executor.

The complaint further alleges that, at the time of his death, the deceased left surviving him the plaintiff, Ruth Harris, who was a second wife, his daughter Laura, who at the date of the will was the wife of Henry W. Carpenter, she being the only child by such second wife; that the persons named in the third item of the will were children of the testator by a former marriage and their descendants; that Ruth and said Laura are both living, and said Laura has had two children born of her, namely, George William Carpenter, born before the date of the will, and Addison H. Carpenter, born on the 6th day of March, 1876; that the widow and Mrs. Carpenter took possession of the land described in " Item 2 " of the will, immediately upon the death of the testator, the widow having elected to take under the will; that subsequently they subdivided " a small portion of said lands " adjoining the village of Mount Jackson; that said Ruth and Laura, with the husband of the latter, sold and conveyed certain of these lots; and it is to quiet the title to such lots that the action is instituted, upon the ground that the estate of Mrs. Carpenter is claimed by many persons to be contingent upon her survivorship of her mother, and that a cloud is thereby cast upon her title to the land, in the sale and conveyance of which she has so joined. Mrs. Carpenter's children, above named, are made the only defendants.

The court below, at special term, sustained a demurrer to the complaint, and accordingly gave judgment in favor of the defendants, and this judgment was affirmed at general term.

In argument, the sufficiency of the complaint is made to turn upon the question whether Mrs. Carpenter took a vested or only a contingent remainder in the land devised to her mother and to her, upon the death of the testator.

Blackstone, in his Commentaries, volume 2, p. 163, after referring to some of the characteristics of an estate in remainder, proceeds: " An estate then in *remainder* may be defined to be an estate limited to take effect and be enjoyed after another estate is determined. As if a man seized in fee simple granteth lands to A. for twenty years, and, after the determination of the said term, then to B. and his heirs forever; here A. is tenant for years, remainder to B. in fee. In the first place, an estate for years is created or carved out of the fee, and given to A., and the residue or remainder of it is given to B. But both these interests are in fact only one estate; the present term of years and the remainder afterwards, when added together, being equal only to one estate in fee. They are indeed different *parts*, but they constitute only one *whole;* they are carved out of one and the same inheritance; they are both created, and may both subsist together; the one in possession, the other in expectancy."

Kent, in his Commentaries, vol. 4, p. 202, in treating of an estate in remainder, says : " It is ' when there is a person in being who would have an immediate right to the possession of the lands, upon the ceasing of the intermediate or precedent estate.' A grant of an estate to A. for life, with the remainder in fee to B., or to A. for life, and after his death to B. in fee, is a grant of a fixed right of immediate enjoyment in A., and a fixed right of future enjoyment in B. * * * Reversions, and all such future uses and executory devises as do not depend upon any uncertain event or period, are vested interests. A vested remainder is a fixed interest, to take effect in possession after a particular estate is spent. If it be uncertain whether a use or estate limited *in futuro* shall ever vest, that use or estate is said to be in contingency. But though it may be uncertain whether a remainder will

·ever take effect *in possession,* it will nevertheless be a vested remainder if the interest be fixed.    The law favors vested estates, and no remainder will be construed to be contingent, which may, consistently with the intention, be deemed vested."

In Jarman on Wills, vol. 2, at page 406, it is stated that " The law is said to favor the vesting of estates ; the effect of which principle seems to be, that property which is the subject of any disposition, whether testamentary or otherwise, will belong to the object of gift immediately on the instrument taking effect, or so soon afterwards as such object comes into existence, or the terms thereof will permit.   As, therefore, a will takes effect at the death of the testator, it follows that any devise or bequest in favor of a person *in esse* simply (*i. e.,* without any intimation of a desire to suspend or postpone its operation,) confers an immediately vested interest. * * * * Thus, where a testator devises lands to A. for life, and after his decease to B. in fee, the respective estates of A. and B. (between whom the entire fee simple is parcelled out) are both vested at the instant of the death of the testator, the only difference between the devisees being, that the estate of the one is in possession, and that of the other is in remainder."

On the same subject, see Hawkins Wills, 222 ; Schouler Wills, section 560 ; *Doe* v. *Considine,* 6 Wallace (U. S.) 458 ; *Nicoll* v. *Scott,* 99 Ill. 529 ; *Davidson* v. *Koehler,* 76 Ind. 398.

As regards the *survivorship,* often made a condition, turning point, or controlling event in the disposition of property by a will, it is generally, in the absence of an expressed or fairly implied intention to the contrary, construed to refer to the testator's death.

The older authorities are strongly in favor of so referring the term when it is used, but the more recent cases have somewhat modified the strong leaning of these older authorities, and the recognized doctrine is now substantially as above stated.    Hawkins Wills, 262 ; *Rogers* v. *Towsey,* 9 Jurist, 575 ; *Nicoll* v. *Scott, supra* ; 3 Jarman Wills, 572.

A will ought to be construed, not only so as to make it accord with the fairly and lawfully expressed intention of the testator, but in such a way as to make it, so far as practicable, a harmonious whole.　*Cooper* v. *Hayes*, 96 Ind. 386.

Construing the will before us in the light of the foregoing authorities, we have reached the conclusion that the survivorship provided for in the last clause of the second item had reference to the time of the death of the testator, and that upon his death Mrs. Carpenter became seized of a vested remainder in fee in the land devised by that item of the will. It was evidently the intention of the testator to dispose of his entire estate in this land at the time of his death, and, as he only devised a life-estate in it to his wife, and as the fee simple had, in the meantime, to lodge somewhere, it could not, under the provisions of the item of the will in question, have reasonably done otherwise than to vest in Mrs. Carpenter, who was then alive, and for whom, and whose heirs, the entire estate in remainder was ultimately intended.

The court below at general term consequently erred in affirming the judgment at special term.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Filed Feb. 19, 1887.