Hoover *et al. v.* Hoover.

Filed Jan. 10, 1889.

No. 14,260.

HOOVER ET AL. *v.* HOOVER.

WILL.—*Vested Remainder.*—*Survivorship.*—Where a devise of land is to a widow during her natural life, and at her death to the son of the testator, if he be living, and if he be dead then to his widow until her death or marriage, and at her death or marriage then to his heirs, and, if there be no heirs living to the heirs of the testator, the words of survivorship relate to the death of the testator, and the son takes an estate in fee simple in remainder, which vests immediately upon the death of the father, but which he can only enjoy in possession after the termination of the life estate of his mother. Upon a conveyance of the life estate to the son by the mother, the former would become entitled to possession of the land.

From the Marion Circuit Court.

*J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellants.

*W. N. Harding* and *A. R. Hovey,* for appellee.

MITCHELL, J.—The only question presented for consideration in this case involves the construction of the second clause of the last will and testament of Daniel Hoover, late of Marion county, deceased. By the first clause of his will the testator bequeathed all of his personal goods and chat-

tels to his "beloved wife, Elizabeth Hoover, to be hers for and during the period of her natural life." The second clause is in the following language: "Item 2. I further give and devise to her (his wife Elizabeth), all my real estate, which consists of the farm we now live on, in Wayne township, Marion county, State of Indiana, to be hers for and during her natural life, and, at her death, said real estate to pass in fee simple, in equal portions, to my son, Andrew Hoover, and my daughter, Hattie. The east half of said farm to go to my son, Andrew, if he be living, and if he be dead, then to his widow until her death or marriage, and at her death or marriage, then to go to his heirs, and if there be no heirs living, then said land shall pass to the heirs of Daniel Hoover. The west half of said farm, at the decease of my wife, shall pass to and be the property of my daughter, Hattie, she to have and to hold the same forever, and at her death to her heirs, or, if she has no heirs, to be disposed of by her as she desires."

The testator died on the 12th day of May, 1882, leaving as heirs, surviving devisees and legatees, his widow, Elizabeth Hoover, his son and daughter, Andrew P. and Hattie Hoover, and one other child for whom provision was made in the will. At the time of the testator's death, Andrew P. Hoover had a wife and two children, who are still in life.

The widow elected to take under the will, which had been duly admitted to probate. Afterwards, on the 20th day of January, 1888, she conveyed to Andrew P. Hoover all her interest and estate in a portion of the land so devised to him as above. The latter subsequently instituted this suit, making his mother, wife and children, and others, parties, alleging in his complaint that the defendants were asserting some claim to the land, and asking as relief that his title to the real estate devised by the item of the will above set out should be quieted in him.

The plaintiff had a judgment and decree below according

to the prayer of his complaint, and to reverse this judgment this appeal is prosecuted.

On the one hand it is contended, in effect, that by the devise above set out, Andrew P. Hoover, immediately upon the death of the testator, took an estate in fee simple in the east half of the farm described in the will, subject only to the life-estate of his mother, the estate so taken being, as is claimed, a vested remainder.

In opposition to this theory the appellant contends that the devise created for Andrew P. Hoover a contingent remainder, which was to become vested only in the event he survived his mother; or, that if he took any estate which vested upon the death of the testator, it was upon the express condition that if he did not survive his mother the estate which he took should be divested in favor of, and become vested first in, his widow, in case she should be living, and if not, then in the other devisees, in the order named in the will.   Hence it is argued that during the lifetime of his mother, the life-tenant, the plaintiff, has no such vested or indefeasible interest in the land as entitles him to maintain an action to quiet his title.   This latter view is not, in our opinion, tenable.

The case is not distinguishable in principle from the well considered case of *Harris* v. *Carpenter*, 109 Ind. 540, wherein it was held, in construing a will which gave to the testator's widow a life-estate in certain land, and then provided that at her death it should be the property of, and pass to, his daughter in fee simple, in case she was living, and if not, then to her heirs forever, that the survivorship provided for had reference to the time of the death of the testator, and that upon his death the daughter, who was then in life, became seized of a vested remainder in fee.   The case is well supported upon principle and by authority, and controls our judgment in the present case.   See, also, *Allen* v. *Mayfield*, 20 Ind. 293; *Rush* v. *Rush*, 40 Ind. 83; *Petro* v. *Cassiday*, 13 Ind. 289; *Wood* v. *Robertson*, 113 Ind. 323.

Accepting the position as established, that words of survivorship in a will, unless there is a manifest intent to the contrary, always relate to the death of the testator, and that, in the absence of a contrary intent, a will always speaks as from the date of the testator's death, there can be no doubt but that Andrew P. Hoover took an estate in fee simple in remainder, which vested immediately upon the death of his father, but which he could only enjoy, in possession, after the termination of the life-estate of his mother. An estate in remainder is not rendered contingent by the uncertainty of the time of enjoyment. The right and capacity of the remainderman to take possession of the estate, if the possession were to become vacant, and the certainty that the event, upon which the vacancy depends, must happen sometime, and not the certainty that it will happen in the lifetime of the remainderman, determine whether or not the estate is vested or contingent. *Croxall* v. *Shererd,* 5 Wall. 268; Tiedeman Real Prop., section 401. Having taken a conveyance from the life-tenant, thus terminating her estate in a portion of the farm, there can be no doubt of the appellee's right to maintain an action now, as to that part of the land, at least.

The application of the principles above enumerated leads to the conclusion that the judgment must be affirmed.

The judgment is accordingly affirmed, with costs.

Filed Jan. 11, 1888.