Bruce *et al. v.* Bissell *et al.*

No. 14,907.

BRUCE ET AL. *v.* BISSELL ET AL.

DESCENT.—*Degrees of Kindred.*—*How Computed.*—Degrees of kindred are computed in this State according to the rules of the civil law, and the statute of descents covers every conceivable state of circumstances that can surround the descent of property.

SAME.—*Next of Kin.*—*Great-Grandmother.*—Under section 2471, R. S. 1881, the real estate of an intestate descends to a great-grandmother, as being "the next of kin in equal degree of consanguinity," in preference to a great-aunt or uncle of the same maternal or paternal line.

SAME.—*Will.*—*Construction of.*—*Vested Remainder.*—A testator devised land to his daughter for life, with remainder over in fee to her child or children, in case she should survive him, leaving a child or children. By a subsequent clause of the will the testator devised to his widow a life-estate in the same land, and after her death to his right heirs in fee. The daughter survived the testator, but died soon after, leaving a son, who also died, leaving a son. The latter died unmarried and without issue, leaving the testator's widow, his great grandmother, as his next of kin.

*Held,* that the daughter's son took a vested remainder in fee, which was in nowise affected or cut down by the doubtful expressions contained in the subsequent clause of the will, and that it passed to the testator's widow upon the death of her great-grandson.

From the Marion Circuit Court.

*R. W. McNeal,* for appellants.

*J. E. McDonald, J. M. Butler, A. H. Snow, F. Winter, J. B. Elam, J. S. Duncan, C. W. Smith, W. L. Taylor, A. B. Young, F. W. Morrison, S. M. Shepard, C. Martindale, C. E. Barrett, B. F. Davis* and *W. H. Martz,* for appellees.

MITCHELL, J.—This action was brought by James A. and John W. Bruce against George P. Bissell and about one hundred others, to recover the possession of certain real estate lying within the limits of the city of Indianapolis. The plaintiffs claimed title under the last will and testament of William Reagan, who died on the 5th day of April, 1847,

the owner of the land in controversy, while the defendants in like manner assert title as purchasers through one whom they claim took it as devisee from the testator. The judgment from which this appeal is prosecuted was adverse to the plaintiffs below, and whether that judgment shall be affirmed or reversed depends upon the construction to be given to the will under or through which both parties claim. So much thereof as is material reads as follows:

"I give and bequeath unto my daughter, Rachel Johnson, wife of Jeremiah Johnson, a tract of land on which she now lives, lying and being in Marion county, known as the south half of the southeast quarter of section number twenty-five, in township number sixteen north, of range three east, for and during her natural life, provided she shall be living at the time of my death, and after her death to the child or children of her body lawfully begotten who may survive her, in fee simple. But if she, said Rachel, should die before me and leave such child or children living at my death, then, in that event, I bequeath said land to said child or children in fee simple. But should she, said Rachel, be living at the time of my death, and afterwards die leaving no such child or children, then I give and bequeath said tract of land to said Rachel for life. Remainder to my right heirs in fee simple.

"I give and bequeath to my daughter, Dovey Bruce, wife of George Bruce, the north half of the aforesaid tract of land for and during her natural life, provided she shall be living at the time of my death, and after her death to the child or children of her body lawfully begotten who may survive her, in fee simple. But if the said Dovey should die before me and leave such child or children living at my death, then and in that event I bequeath said tract of land to said child or children in fee simple. But should the said Dovey be living at the time of my death, and afterwards die leaving no such child or children, then I give and bequeath

said tract of land to said Dovey for life. Remainder to my right heirs in fee simple.

"It being my express intention that my said daughters shall respectively enjoy said tracts of land above described and bequeathed, during their respective natural lives, and after their and each of their deaths to descend in fee simple respectively to the child or children of their bodies lawfully begotten that may survive them respectively and survive myself, and in default then to go to my right heirs in fee simple.

"I give and bequeath to my beloved wife, Nancy, during her natural life, the farm on which I now live, known as the southeast quarter of section number twenty-five, in township number sixteen (16) north, of range three east, and after her death to my right heirs in fee simple, except the said Rachel Johnson and Dovey Bruce and their descendants."

The facts are obscurely or incompletely stated in the record and briefs, but, as we understand the record, the land involved in the present litigation is that described in the first paragraph above, and was devised to Rachel Johnson for life, with remainder over to her children. The same land is embraced by the description contained in the last clause of the will, and is devised to the testator's widow for life, together with the north half of the same tract, which is disposed of by the second clause above set out.

The widow and both daughters survived the testator, Rachel having at the time of his death one son, Harrison L. Johnson, who was her only child. She survived her father only nineteen days, her death having occurred on the 24th day of April, 1847. Harrison L. Johnson died intestate on the 15th day of September, 1856, leaving John W. Johnson as his sole heir. The latter died on the 27th day of December, 1872, unmarried and without issue, leaving Nancy Reagan, his great-grandmother, as his next of kin under the statute.

Nancy Reagan, assuming that she took a life-estate in the

whole farm under the last clause of the will of her husband, continued in possession, and in 1873, claiming to have inherited the south half in fee from her great-grandson, John W. Johnson, she sold and conveyed it to George Bruce. The land was afterwards platted into streets, alleys and lots. The defendants claim through the conveyance to George Bruce, as his near and remote grantees, while the plaintiffs, the only children and heirs of Dovey Bruce, assert that by the terms of the will of William Reagan they are the owners and entitled to the immediate possession, as the right heirs of the testator, to whom the land was devised upon a contingency which they claim has happened.

It was settled by the judgment of this court in *Cloud* v. *Bruce*, 61 Ind. 171, that degrees of kindred are computed in this State according to the rules of the civil law, that the statute of descents covers every conceivable state of circumstances that can surround the descent of property, and that, under section 2471, R. S. 1881, the real estate of an intestate descends to a great-grandmother, as being " the next of kin in equal degree of consanguinity," in preference to a great-aunt or uncle of the same paternal or maternal line.   It is ' hence settled by the above decision, that whatever interest John W. Johnson, the grandson of Rachel Johnson, had in the land at the date of his death, was inherited by his great-grandmother, Nancy Reagan, through whose conveyance the appellees claim title.

On the appellants' behalf it is contended that the intention of the testator, as expressed in his will, was, that his widow, Nancy Reagan, should enjoy the entire estate during her natural life, and that upon her death it should vest in equal moieties in his two daughters, Rachel Johnson and Dovey Bruce, as provided in the first and second clauses of the will, to be enjoyed by them during their respective lives, and upon the death of the daughters respectively, with a child or children surviving, the fee simple was then to vest in their child or children respectively, and in the event of

the death of either, leaving no child or children, then the share so devised was to go to the right heirs of the testator. Hence, the argument proceeds, since Nancy Reagan, in whom was vested the paramount life-estate, outlived her daughter Rachel Johnson, and all her lineal descendants, neither the daughter nor her son, Harrison L., both of whom were alive at the death of the testator, ever took any vested interest in the land, which, according to the appellants' insistence, was carried by the last clause of the will, upon the termination of the precedent particular estate, by the death of Nancy Reagan, to them as the right heirs of the testator.

The error which pervades the argument is fundamental, and lies in the assumption that because the enjoyment of the successive estates was postponed until the particular estate which preceded it should determine, therefore the successive estates created by the will did not vest in the respective devisees upon the death of the testator, but continued in abeyance until the happening of the events which were to determine the prior estate.

The general rule is, where a particular estate is created by will, with a remainder over upon the happening of an event, the words descriptive of the event are construed as referring merely to the period when the enjoyment of the prior estate determines, and not as designed, in the absence of express words, or a manifest intent to that effect, to postpone the vesting of the remainder over. 2 Jarman Wills, 407. So where a remainder is limited over to a class, which is liable to be increased during the continuance of the prior estate, the remainder will not be held in abeyance, but will vest at the testator's death in those of the class who answer the description, subject to open and let in after-born members. Tiedeman Real Prop., section 402.

It is familiar law that, in the absence of a clear manifestation of the intention of the testator to the contrary, estates shall be held to vest at the earliest possible period. The in-

tent to postpone the vesting of the estate must be clear and manifest, and must not arise by mere inference or construction. It is likewise well settled that "The law will not construe a limitation in a will into an executory devise when it can take effect as a remainder, nor a remainder to be contingent when it can be taken to be vested." *Doe* v. *Considine*, 6 Wall. 458, 475; *Amos* v. *Amos*, 117 Ind. 19; *Amos* v. *Amos*, 117 Ind. 37; *Harris* v. *Carpenter*, 109 Ind. 540; *Hoover* v. *Hoover*, 116 Ind. 498, and cases cited. "An estate in remainder is not rendered contingent by the uncertainty of the time of enjoyment. The right and capacity of the remainderman to take possession of the estate, if the possession were to become vacant, and the certainty that the event, upon which the vacancy depends, must happen sometime, and not the certainty that it will happen in the lifetime of the remainderman, determines whether or not the estate is vested or contingent." *Hoover* v. *Hoover, supra; Croxall* v. *Shererd,* 5 Wall. 268; Tied. Real Prop., section 401.

When the testator whose will is involved in the present case died, his widow, Nancy Reagan, his daughter, Rachel Johnson, and her son, Harrison L. Johnson, to whom he had devised particular and ulterior estates respectively in the land in controversy, were all alive. A will takes effect at, and is to be regarded as speaking from, the date of the death of the testator, and words of survivorship found therein, unless there is a manifest intent to the contrary, always relate to those who are then in being and survive the testator. By the first clause of the will the land in dispute was devised to Rachel Johnson for life, provided she should be living at the time of the testator's death, and after her death to her child or children who might survive her. It was provided further, that in the event the testator's daughter Rachel should be living at his death, and yet die without leaving a child or children, then she was to have the land during her lifetime, with remainder over to his right heirs in fee simple. This was an attempt to create an estate in the nature

of a cross-remainder ; but, as we have seen, Rachel Johnson died subsequent to the death of the testator, leaving a son, Harrison L. Johnson, in whom the remainder in fee vested upon the death of the testator. The contingency never arose upon which the cross-remainder was to take effect. It is unnecessary, therefore, to consider that feature of the will further.

It may be observed that the last clause of the will gave to the widow, Nancy Reagan, an estate for life in the entire tract, in clear and unambiguous terms. This clause also contains some expressions in relation to the remainder over after her death, which, when considered in connection with the preceding clauses in the will, are ambiguous. The land in dispute was, however, disposed of in clear and unambiguous terms in the second clause of the will. It was devised to Rachel Johnson for life, with remainder over in fee to her child or children, in case she should survive the testator, leaving a child or children, which she did. But for the last clause of the will there would be no room to argue that Harrison L. Johnson did not take the remainder over in fee under this clause of the will ; whatever doubt there is arises from the ambiguity created by the latter part of that clause. The rule is that where an estate or interest is given in one clause of a will, in clear and decisive terms, the interest so given can not be taken away or cut down by raising a doubt upon the extent and meaning of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate. *Bailey* v. *Sanger,* 108 Ind. 264, and cases cited ; *Hochstedler* v. *Hochstedler,* 108 Ind. 506 ; *Goudie* v. *Johnston,* 109 Ind. 427 ; *Allen* v. *Craft,* 109 Ind. 476.

Where two particular estates of the same extent are carved out of the same premises and given to different persons, in the absence of anything to indicate an intention on the part of the testator that the devisees are to be joint beneficiaries,

the rule seems to be that the superior estate must elapse before the inferior can begin. In the absence of other evidence as to which is superior, that which is created last in the will is deemed to have the preference. O'Hara Wills, 39, 302.

It is not important, however, that we determine whether Nancy Reagan took the superior life-estate in the whole tract, or whether she became a joint beneficiary for life with her daughters. Since the decision depends entirely on the conclusion already enunciated, that Harrison L. Johnson took a vested remainder in fee, upon the death of the testator, which was in nowise affected or cut down by the doubtful expressions contained in the last clause of the will, there was no error.

The judgment is, therefore, affirmed, with costs.

