Filed Oct. 6, 1891.

No. 15,273.

## WRIGHT ET AL. *v.* CHARLEY.

WILL.—*Construction.*—*Nature of Estate.*—Where real estate is devised to one, coupled with a devise over, in case of his death without issue, and the primary devisee survives the testator, he takes an absolute fee, the words referring to a death meaning a death in the lifetime of the testator.

From the Harrison Circuit Court.

*G. W. Denbo, N. R. Peckinpaugh* and *H. C. Hays,* for appellants.

*W. Cook, W. Ridley, W. N. Tracewell* and *R. J. Tracewell,* for appellee.

COFFEY, C. J.—This was an action brought by the appellants against the appellee in the Harrison Circuit Court for the partition of the land described in the complaint, and to quiet title to such land as against any claim thereto by the appellee. The material facts in the case, as set forth in the complaint, and admitted by the demurrer thereto, are that Eli Wright, in the year 1873, executed his last will and testament, by which he made disposition of all his property both real and personal. He died in April, 1874, and his will was admitted to probate in May thereafter. By the second clause

in his will he devised to his oldest son, William M., certain property to be taken as his full share of the estate.

The third clause makes a like devise to his next oldest son, James H. Wright.

The fifth clause provides that the testator's five unmarried children, namely, Emma J., Rildy R., Addy, Samuel and Peter S., shall reside together on the home farm until Peter shall arrive at the age of twenty-one years.

The sixth clause provides for the sale of the personal property remaining on hand at the time Peter arrives at the age of twenty-one, and for a distribution of the proceeds.

The seventh and eighth clauses are as follows:

" *Item Seventh.* It is my will that all my real estate remaining, not devised to my son James H., be equally divided, in value, between my children, Emma J., Rildy R., Addy, Samuel and Peter S., said division to be made by my executors, if living, or if not living, the survivors, or by . my administrator with the will annexed, as the case may be, with the assistance of one or two discreet persons, competent to make such partition ; the preference of the homestead to be given to my son Samuel.

" *Item Eight.* It is my will, and I hereby direct, that in case of the death of either of my children, except William M., and they leave no children, the property bequeathed to them by this my last will and testament be divided between my children, except William M., and division made in accordance with my desire. in this will by my executors."

All the persons named in the will survived the testator. The land was divided by the executors pursuant to the terms of the will, and to perfect the partition the devisees executed deeds to each other.   Rildy R. married the appellee, David Charley, and died intestate in the year 1888, without child or children.   The appellants claim the land set off to her under the provisions of clauses seven and eight of the will of Eli Wright, while the appellee claims as the surviving husband and only heir of Rildy R., deceased.

The respective claims of the parties depend upon the construction of these clauses in the will of Eli Wright; the appellants contending that the devisees therein named took a defeasible fee, while the appellee contends that they each took a fee absolute.

It is the well-settled doctrine that the courts of this country will so construe a will, when not inconsistent with the intention of the testator, as to prevent the title to real estate from remaining contingent; and, unless there are plain indications of a contrary intent, will consider the entire title as vested in those claiming under the will, rather than in abeyance. *Wills* v. *Wills* (Ky.), 3 S. W. Rep. 900; *Heilman* v. *Heilman, ante,* p. 59.

In accord with this rule, it is said by Mr. Jarman to be an established rule that where a bequest is simply to one person, and, in case of his death, to another, the primary devisee, surviving the testator, takes absolutely. This rule applies to both personal and real estate, and the authorities in this country uniformly sustain the construction that, in a devise or bequest *simpliciter* to one person, and, in case of his death, to another, the words refer to a death in the lifetime of the testator. 2 Jarman Wills, 752. This rule is fully sustained by the authorities. *Moore* v. *Lyons,* 25 Wend. 119; *Kelly* v. *Kelly,* 61 N. Y. 47; *Briggs* v. *Shaw,* 9 Allen, 516; *Whitney* v. *Whitney,* 45 N. H. 311; *Vanderzee* v. *Haswell* (N. Y.), 8 N. E. Rep. 247; *Reams* v. *Spann,* 26 S. C. 561; *Wills* v. *Wills, supra; Hoover* v. *Hoover,* 116 Ind. 498; *Harris* v. *Carpenter,* 109 Ind. 540.

So, too, another well established rule is that where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, coupled with a devise over, in case of his death without issue, the words refer to a death without issue during the lifetime of the testator, and that the primary devisee, surviving the testator, takes an absolute estate in fee simple. *Clayton* v. *Lowe,* 5 B. & A. 636; *Gee* v. *Mayor, etc.,* 17 A.

Nall, Administratrix, *v.* The Louisville, New Albany and Chicago R'y Co.

& E. (N. S.) 735; *Woodburne* v. *Woodburne,* 19 L. J. (N. S.) Ch. 88; *Doe* v. *Sparrow,* 13 East, 359; *Quackenbos* v. *Kingsland,* 102 N. Y. 128; *Livingston* v. *Greene,* 52 N. Y. 118; *Embury* v. *Sheldon,* 68 N. Y. 227; *Mickley's Appeal,* 92 Pa. St. 514; *Heilman* v. *Heilman, supra.*

There is nothing in the will before us indicating that it was not the intention of the testator that the devisees therein named should not take a fee in the lands devised to them immediately upon his death; and guided by these well established rules of construction we are of the opinion that the words referring to the death of any of the devisees relate to a death occurring before the death of the testator.

Such being the case, the court did not err in sustaining a demurrer to the complaint in this cause.

Judgment affirmed.

*Filed Oct. 14, 1891.*