Filed April 17, 1896.

---

No. 17,777.

## Moores v. Hare et al.

**Will.**—*Devise of Real Estate.—Life Estate.—Remainder.*—A clause in a will devising to testator's daughter certain real estate "for and during her natural life as a life-estate, and not in fee, at her death to go to her children in fee simple. If any child of hers shall have died leaving a child or children, then the portion of said real estate, that would have gone to the parent, shall go to such child or children,''—vests in the children of such daughter an estate in remainder, which takes effect immediately upon the death of the testator, the enjoyment thereof being postponed until after the death of their mother.

From the Marion Circuit Court.

*M. Moores*, for appellant.

*E. E. Stevenson*, for appellees.

Monks, J.—Appellant brought this action against appellees to quiet title to certain real estate. The complaint alleges "that on March 17, 1882, Stoughton A. Fletcher died, leaving a will which contained the following provision: 'I give and devise to my daughter, Maria F. Ritzinger, for and during her natural life, as a life-estate and not in fee, the following real estate: Lot number seven (7) in West's Heirs' addition to the city of Indianapolis, in Marion county, Indiana,' and other land. 'At the death of her, said Maria F. Ritzinger, all the said real estate so devised to her for life shall go to her children in fee simple. If any child of hers shall have died, leaving a child or children, then the portion of said real estate that would have gone to the parent shall go to such child or children.'

"That at the time of the probating of the will, Maria F. Ritzinger was a widow and unmarried, and is still unmarried, and that she had then four children, of whom one has since died intestate, unmarried and without children or their descendants, the other three being now of age, two of them being married, one being the mother of the defendants, Myla F. and Julia F. Briggs, and the other the mother of the defendant, Helen Hare; that Maria F. Ritzinger, and all of her children, with the husbands of the two that are married, have united in conveying to plaintiff the property the title to which is sought to be quieted. And plaintiff asks that his title to this property be quieted as to the defendants, who are grandchildren of Maria F. Ritzinger."

To this complaint appellees filed a demurrer, which was sustained by the court, and appellant refusing to plead further, judgment was rendered in favor of appellees.

The only question presented is whether that portion

of the will giving Maria F. Ritzinger a life-estate in certain lands created a vested or contingent remainder in her children. It is settled law that words of survivorship in a will, unless there is a manifest intent to the contrary, always relate to the death of the testator, and that in the absence of contrary intent a will always speaks as from the testator's death. *Heilman* v. *Heilman*, 129 Ind. 59 (63, 64), and cases cited; *Harris* v. *Carpenter*, 109 Ind. 540; *Hoover* v. *Hoover*, 116 Ind. 498; *Wright* v. *Charley*, 129 Ind. 257, and cases cited.

It is an established rule that the law not only favors the vesting of remainders, but it also presumes that words postponing the estate relate to the beginning of the enjoyment of the remainder and not to the vesting of such estate. In the absence of a clear manifestation of the intention of the testator to the contrary, an estate will be held to vest at the earliest possible period. The intent to postpone must be clear and manifest and must not arise by mere inference or construction. *Davidson* v. *Koehler*, 76 Ind. 398 (409, 410); *Hoover* v. *Hoover*, *supra;* *Amos* v. *Amos*, 117 Ind. 37; *Harris* v. *Carpenter*, *supra;* *Borgner* v. *Brown*, 133 Ind. 391, and cases cited. *Bruce* v. *Bissell*, 119 Ind. 525 (529, 530); *Wright* v. *Charley*, *supra;* *Fowler* v. *Duhme*, 143 Ind. 248, and cases cited.

In *Harris* v. *Carpenter*, *supra*, the will gave to the testator's wife certain real estate during her life, and provided that "at her death the same shall be the property of and pass to my daughter, Laura Carpenter, in fee; but if the said Laura be not living, then to her heirs forever." This court held that the survivorship provided for in the last clause had reference to the time of the death of the testator, and that upon his death Mrs. Carpenter became seized of a vested remainder in fee.

In *Hoover* v. *Hoover, supra,* the testator devised to his wife certain real estate during life and provided that at her death the undivided one-half thereof should "pass in fee simple to my son, Andrew Hoover, if he be then living, and if he be dead, then to his widow until her death or marriage, and at her death or marriage, then to go to his heirs, and if no heirs be living, then said lands shall pass to the heirs of Daniel Hoover, the testator." This court held that Andrew Hoover took an estate in fee simple, in remainder which vested immediately upon the death of the testator, but which he could only enjoy in possession after the termination of the life-estate of his mother.

In *Heilman* v. *Heilman, supra,* the testator gave to his wife the residue of his real estate and personal property during her natural life, and so long as she remained unmarried, and provided that after her death, that the same should "be divided in equal shares among all my children, and should any of my children be dead and have left children then they shall be entitled to the distributive share of their parents."

This court held that the children of the testator took a vested interest in the part of the estate covered by this clause, at the time of the death of the testator, the enjoyment of which was postponed during the life of the widow.

In *Borgner* v. *Brown, supra,* the language of the part of the will in controversy was as follows: "I devise to my wife the farm during her natural life; at the death of my wife the real estate aforesaid, I devise to my son James (Helms). If James should die without issue, the above real estate to descend to his wife if living and the remainder to go to his children."

James Helms died before the testator. This court held that James Helms, if he had survived the testator, would have taken a fee in said lands immediately

upon the death of the testator, subject to the life-estate of his mother. That said James having died before the death of the testator, his, James', widow took under the will one-third of said real estate in fee simple subject to the life-estate of the testator's widow, and the remaining two-thirds to the testator's children, subject to said life-estate.

In *Tindall* v. *Miller*, 143 Ind. 337, the clause of the will in controversy was as follows: " 'I give and bequeath to my beloved wife, Sarah, the east half of my present dwelling house and lot (describing the property) so long as she may live. * * * * And at the death of my said wife the above described property shall pass absolute to my daughter, Julia, if she still survive. If she shall be deceased, it is my desire that the property do pass to her heirs.' " Both the wife Sarah and daughter Julia survived the testator. After the death of the testator the devisees, Sarah and Julia, sold and conveyed the property devised by deed duly executed. After which they both died before the commencement of the action, the daughter dying before her mother, leaving heirs. This court held that the daughter Julia took a vested remainder, the enjoyment of which was postponed until the death of her mother, the life tenant, and that the deed of herself and mother passed to the grantees a perfect title in fee simple.

These cases are similar to the case before us, and we think this case must be ruled by them.

There being no manifest intent to the contrary, it will be presumed that the clause providing that at the death of Maria F. Ritzinger the real estate devised should go to her children in fee simple relates to the beginning of the enjoyment of the remainder, and not to the vesting of that estate, and that the clause,

---

"If any child of his shall have died leaving a child or children," has reference to death during the life time of the testator. Under the rules which we have stated and authorities cited, we think it is clear that the children of Mrs. Ritzinger took a remainder in said real estate which vested immediately on the death of the testator, the enjoyment of which was postponed until the death of their mother.

It follows that the court erred in sustaining the demurrer to the complaint.

Judgment reversed, with instructions to overrule the demurrer to the complaint and for further proceedings in accordance with this opinion.

