## CAMPBELL ET AL. *v.* BRADFORD ET AL.

[No. 20,566. Filed May 9, 1906.]

166 451
171 383

1.  WILLS. — *Estates.—Vesting.—Words of Survivorship.*—The vesting of estates created by wills will be referred to the time of testator's death unless a contrary intention is clearly set forth in the will. p. 453.

2.  SAME. — *Remainders. — Vesting. — Enjoyment.*—Words postponing a remainder are presumed to refer to the time of enjoyment and not to the time of the vesting thereof. p. 453.

3.  SAME.—*Remainders.—Vesting.*—A will in terms: "At the death of my wife, I direct that all my real estate shall descend to my two sons, * * * and if either of them shall be deceased leaving children surviving him, then such child or children shall inherit all their father's interest * * * and in case of either of my sons being deceased and leaving no child or children living then the surviving son shall inherit all my real estate at the death of my wife," devises a remainder in fee simple to such sons, vesting at testator's death. *Corey* v. *Springer,* 138 Ind. 506, distinguished. p. 454.

From Morgan Circuit Court; *Joseph W. Williams,* Judge *pro tem.*

Suit by Perry Bradford and others against Albert T. Campbell and others. From a decree for plaintiffs, defendants appeal. Transferred from Appellate Court under §1337o Burns 1901, Acts 1901, p. 565, §15. *Affirmed.*

*R. C. Minton, S. C. Kivett, G. W. Grubbs* and *H. J. Everett,* for appellants.

*Renner & McNutt, W. E. McCord* and *Oscar Matthews,* for appellees.

MONKS, J.—The controlling question presented for consideration in this case involves the construction of the sixth item of the last will and testament of Joseph Campbell, deceased. By the fifth item in his will the testator bequeathed to his wife a life estate. The sixth item reads as follows:

> "At the death of my wife, I direct that all my real estate shall descend and go to my two sons, Louis E. Campbell and William A. Campbell, in equal proportions, each taking share and share alike, and if either of them shall be deceased leaving children surviving him then such child or children shall inherit all their father's interest in my real estate, and in case of either of my sons being deceased and leaving no child or children living then the surviving son shall inherit all my real estate at the death of my wife."

The testator died on July 29, 1881, leaving surviving him Marcia Campbell, his widow, and Louis E. Campbell and William A. Campbell, his only children and heirs at law. Appellees claim to own and hold in fee simple the land devised in said will to said sons, under and through their deeds of general warranty, in which their wives and said widow joined, executed after the death of said testator and the probate of said will. Afterwards said Louis E. Campbell died intestate in 1889, leaving surviving him a widow and children. Said son William A. Campbell died

in 1896, leaving surviving him his widow and one son. Marcia Campbell, the widow of said testator, died intestate in 1902, having never remarried. Albert T. Campbell, the son and only heir of said William A. Campbell, deceased, and Clyde Campbell, Guy Campbell, Laura Wilhite and Daisy Brown, children and only heirs of said Louis E. Campbell, deceased, appellants in this action, claimed after the death of said widow of the testator to own the real estate in controversy under said will, on the ground that said William A. and Louis E. Campbell, having died before said widow, at her death the title thereto vested in them in fee simple by virtue of the provisions of item six thereof. Appellees thereupon brought this action to quiet their title to said real estate, and had judgment and decree in the court below quieting their title, and this appeal is prosecuted to reverse said judgment.

The question is, did William A. Campbell and Louis E. Campbell, upon the death of their father, the testator, have a vested remainder in said real estate subject to the

1. particular estate of the widow? If they did, this case must be affirmed; otherwise, it must be reversed. "The law favors an interpretation which will permit estates to vest at the earliest possible moment, and, to that end, words of survivorship in a will are construed as referring to the death of the testator in all cases where the words of the instrument are not such as clearly show that they refer to a subsequent date." *Taylor* v. *Stephens* (1905), 165 Ind. 200, and cases cited; *Moores* v. *Hare* (1896), 144 Ind. 573; *Harris* v. *Carpenter* (1887), 109 Ind. 540; *Hoover* v. *Hoover* (1889), 116 Ind. 498. The law not only favors the vesting of remainders, but

2. it also presumes that words postponing the estate relate to the beginning of the enjoyment of the remainder and not to the vesting of that estate. *Moores* v. *Hare, supra,* on page 575, and cases cited; *Taylor* v. *Stephens, supra.*

This case does not belong to the class to which *Corey* v. *Springer* (1894), 138 Ind. 506, cited by appellants, belongs, for the reason that in that case it is provided in the will that "if any of my children shall be dead at the time of such distribution or disposition, leaving children, such children are to take the share of their deceased father or mother as the case may be." This language clearly shows that the words of survivorship used in the Springer will referred to the death of any of his children at any time before the death of his widow if she survived him, as was held in that case. In *Taylor* v. *Stephens, supra,* the will gave to the widow the real estate during life, and provided: "At the decease of my said wife I desire that the lands be owned equally and jointly by my children, Emily G. Taylor, William N. Swank, John E. Swank and Sarah J. Swank, or in case of the decease of any of said children, his or her share to descend to the heirs of their body, if any, and if not, to those surviving." This court held that the children named in the will took thereunder a vested remainder upon the death of the testator. It is clear that this case is ruled by *Taylor* v. *Stephens, supra; Moores* v. *Hare, supra; Harris* v. *Carpenter, supra; Hoover* v. *Hoover, supra,* and the cases cited therein.

There being no manifest intent to the contrary, it will be presumed that the clause providing that "at the death of my wife * * * all my real estate shall descend and go to my two sons, William A. Campbell and Louis E. Campbell," relates to the beginning of the enjoyment of the remainder, and not to the vesting of that estate, and that the clauses in regard to the decease of either of them leaving or not leaving children surviving him has reference to death during the lifetime of the testator.

Judgment affirmed.