PAUL, GUARDIAN, v. DICKINSON TRUST COMPANY, GUARDIAN, ET AL.

[No. 9,019.   Filed April 19, 1916.   Rehearing denied December 13, 1916.]

1. WILLS.—*Construction.*—*Words of Postponement.*—*Vesting of Estates.*—The law looks with disfavor on postponing the vesting of estates, and the intent to do so must be clear and not depend upon inference or construction, the presumption being that words in a will postponing the estate relate to the beginning of the enjoyment of the remainder and not to the vesting of the estate, unless the contrary clearly appears.   p. 233.

2. WILLS.—*Construction.*—*Vesting of Estates.*—The law favors the vesting of remainders absolutely, rather than contingently or conditionally.   p. 233.

3. WILLS.—*Construction.*—*Words of Survivorship.*—Words of survivorship in a will generally refer to the death of the testator where the first taker is given a life estate and the remainder over is devised to another.   p. 233.

4. WILLS.—*Construction.*—*Remainders.*—*Estates Created.*—Where a testator devised to his daughter for life certain lands which, at her death, were to go to her children, should any survive, and, if not, to her grandchildren in fee simple, the child of the devisee, born subsequent to the execution of the will but prior to the death of the testator, is vested at the death of the testator with the fee, subject only to the life estate and to the one-third interest therein taken by the testator's widow under the laws of descent.   p. 233.

From Wayne Circuit Court; *Daniel W. Comstock,* Special Judge.

Action for partition by Sarah Myers against Essie Paul, guardian of Neva Paul, and others.   Essie Paul, guardian, filed a cross-complaint to quiet title, and from a judgment sustaining demurrers to her cross-complaint, she appeals. *Reversed.*

*Shively & Shively,* for appellant.

*Byram C. Robbins* and *Philip H. Robbins,* for appellees.

FELT, P. J.—In a suit for partition of real estate brought by the widow of Moses Myers, deceased, appellant filed

a cross-complaint to quiet her title to two-thirds of the real estate in controversy, subject to the life estate of Essie .Paul, mother of Neva A. Paul. Separate demurrers were filed to the cross-complaint by each of the appellees on the ground of the insufficiency of the facts alleged to state a cause of action. The court sustained each of the demurrers, to which appellant duly excepted and has assigned those rulings as the errors upon which she relies for reversal of the judgment against her.

Moses Myers was the grandfather of both appellant and appellees, and all parties concede that the correctness of the court's ruling on the demurrer to appellant's cross-complaint depends upon the construction of the will of Moses Myers, deceased, and particularly upon item No. 4 thereof.

By item No. 2 of his will the testator devised to his son Moses E. Myers a certain tract of real estate for life, and then to his children in fee simple, share and share alike. By item No. 3 he devised to his daughter Rose A. Howard a specific tract of real estate for the period of her natural life, and after her death the same to go to her children, share and share alike in fee simple. In other parts of the will he made provision for an annuity for his widow, but she elected to take under the law. By item No. 4 he devised to his daughter Essie Myers (who afterwards became Essie Paul by marriage) a tract of real estate containing 107 acres, "to have and to hold the same for her own use and benefit during the period of her natural life, and at her decease the same to go to her children should she leave any living, and if not, then the same to go to her grandchildren in fee simple, share and share alike," subject to the annuity mentioned above. In item No. 5 he devised to his son Jeremiah Myers seventy-eight acres of real estate for his own use and benefit during the period of his natural life and then "the same to go to his

children in fee simple, share and share alike,'' subject to the annuity aforesaid.

The averments of the cross-complaint show that at the time of the execution of the will, the testator had four children, viz., two sons, Moses and Jeremiah, and two daughters, Rose and Essie. At that time, his son Moses had two children of full age, to wit, Nora M. Myers and John E. Myers, appellees herein; and his son Jeremiah had two children, Herbert and Charles, who were minors. His daughter Rose then had two children, Mabelle M. Howard and Ruth M. Howard, both under age. His daughter Essie was then unmarried but prior to the death of the testator she intermarried with Arvel Paul, and the appellant Neva Paul is their child, born prior to the death of the testator. All of said children and grandchildren were living at the death of the testator.

Appellant contends that by the terms of her grandfather's will she became the owner of a remainder in the real estate devised by item No. 4 of his will, in fee simple absolute, and that his other grandchildren have no interest whatever therein. On the other hand, appellees contend that by item No. 4 of his will the testator desired and intended to devise a life interest in said real estate to his daughter Essie Myers, now Essie Paul, and the fee thereof to her children living at the time of her death, if any should survive her, and if she left no children, then the fee should go to all the testator's grandchildren, share and share alike; that the intention is plain, lawful, and so expressed as not to violate any rule of property, and does not make a case where it is necessary to invoke rules of construction to give effect to the intention of the testator.

The question turns upon the proposition of the vesting of the title to the remainder devised by item No. 4. If it vested at the death of the testator, appellant's contention must be sustained. If the vesting is contingent and dependent upon the daughter of the testator, Essie Paul, leaving

children surviving her at the time of her death, then appellant does not have an absolute, vested title to the remainder, and the ruling of the trial court should be sustained.

In view of the numerous decisions relating to the question involved, and especially the more recent decisions of our Supreme Court, we are compelled to hold that the language of item No. 4 is such as to make it necessary to resort to rules of construction to properly interpret it and give effect to the intention of the testator. The rules have been so frequently and fully stated that we shall be content with a statement of those most pertinent to the question presented. The law looks with disfavor on postponing the vesting of estates, and the intent to do so must be

1. clear and not depend upon inference or construction. It presumes that words postponing the estate relate to the beginning of the enjoyment of the remainder and not to the vesting of the estate, unless the contrary clearly appears. It favors the vesting of remainders abso-

2. lutely, rather than contingently or conditionally. Words of survivorship generally refer to the death

3. of the testator where the first taker is given a life estate and the remainder over is devised to another. *Aldred* v. *Sylvester* (1915), 184 Ind. 542, 111 N. E. 914, and cases cited; *Taylor* v. *Stephens* (1905), 165 Ind. 200, 203, 74 N. E. 980; *Myers* v. *Carney* (1908), 171 Ind. 379, 383, 86 N. E. 400; *Aspy* v. *Lewis* (1898), 152 Ind. 493, 498, 52 N. E. 756; *Hoover* v. *Hoover* (1888), 116 Ind. 498, 501, 19 N. E. 468; *Campbell* v. *Bradford* (1905), 166 Ind. 451, 453, 77 N. E. 849; *Alsman* v. *Walters* (1915), 184 Ind. 565, 106 N. E. 879, 111 N. E. 921.

Under the foregoing rules, in the light of decisions applying them to similar testamentary provisions, there is little, if any, room to doubt that the fee-simple title

4. to two-thirds of the 107 acres of real estate devised by item No. 4 of the will of Moses Myers, deceased,

vested in appellant at the time of the death of the testator, subject only to the life estate therein of Essie Paul.

The judgment is therefore reversed, with instructions to the lower court to overrule the demurrers to appellant's cross-complaint and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 112 N. E. 256. Remainders: (a) whether vested or contingent, Ann. Cas. 1917A 859; (b) character of, as affected by direction in will that children, etc., of a deceased remainderman shall take parent's share, 37 L. R. A. (N. S.) 728. See under (1, 2) 40 Cyc 1668, 1678, 1679.