## GEORGE WHEATLAND vs. ROBERT F. DODGE.

A testator devised as follows: "I give to my son R. the improvement of all my real estate, which is not otherwise disposed of, to him, his children or grandchildren; and if my said son R. should decease without children or grandchildren, the said real estate is to descend to heirs of my son J. deceased:" When the will was made, R. had children, but no grandchild. *Held*, that R. took an estate tail under the will.

THE defendant, on the 6th of June 1845, conveyed to the plaintiff, in fee simple, by deed of warranty in the usual form, all the real estate which was devised to the defendant by his father, Isaac Dodge ; and this was an action to recover damages for the breach of the covenants in that deed. Among the breaches of those covenants, the plaintiff, in his declaration, assigned the following : 1st, that the defendant was only tenant for life of the premises described in the deed ; 2d, that he was only tenant in common thereof, with his children ; 3d, that there was an outstanding contingent remainder.

At the trial in the court of common pleas, before *Washburn*, J. the following facts (among others) were proved or admitted : Isaac Dodge, the defendant's father, died seized of the estate in question, in 1833. The defendant claimed said estate under said Isaac's last will, which was made in February 1832, and was duly proved and allowed on the 1st of May 1833. In this will, the testator made the devise to the defendant, which is hereinafter recited in the opinion of the court. The only heirs at law of the testator were the defendant and three children of Isaac Dodge, the testator's deceased son. At the time of the testator's death, the defendant had a wife, Hannah M., and two daughters. His said wife died in August 1833, leaving these daughters. He married again, and at the time of the trial had five children of the second marriage, besides the two daughters aforesaid ; but he never had any grandchild. The widow of Isaac Dodge, the testator, died in 1835, and on the 24th of April 1843, Martha A. Dodge, Melinda Dodge, and Isaac Dodge, the children of Isaac Dodge, jr. who is mentioned in the said will, released

to the defendant all contingent and expectant interests under that will.

On these facts, the plaintiff requested the judge to rule (among other things) that the defendant took only an estate for life in the premises in question. But the judge refused so to do, and instructed the jury (among other things) that the defendant, under said will, took an estate tail, and that his deed to the plaintiff barred the entail, and vested an estate in fee in the plaintiff. A verdict was thereupon returned for the defendant and exceptions were alleged by the plaintiff, to the judge's instructions.

*Perkins*, for the plaintiff.

*O. P. Lord*, for the defendant.

Wilde. J. The principal question raised at the trial of this case was, whether the defendant, under the will of his father, Isaac Dodge, took an estate tail, or an estate for life in common with his children.

The words of the will are, " I give to my son, Robert F. Dodge, all the personal estate which is not already disposed of in this my will, to him and his heirs. Also I give him the improvement of all my real estate, which is not otherwise disposed of, to him, his children or grandchildren ; and if my said son, Robert F. Dodge, should decease without children or grandchildren as aforesaid, the said real estate, together with the other half, which is to descend to him, his children or grandchildren, after his mother's decease, is to descend to heirs of my son, Isaac Dodge, deceased, on condition that they pay to the widow of my son Robert forty dollars yearly, so long as she remains his widow."

The question is, whether the words " children or grandchildren " are to be construed as words of purchase or words of limitation. It is a question of construction, depending on the intention of the testator ; and we think it appears, with sufficient certainty, that these words were intended to operate as words of limitation, and to create an estate tail in the lands devised to the defendant. And if such was the intention of the testator, there is no difficulty in giving them that con-

struction, although, if such intention did not appear, the words "children or grandchildren" would be considered as words of purchase, designating the parties who were to take under the will. The cases are numerous, in which this rule of construction has been adopted, and the most of them are referred to and commented upon by Story, J. in his able and learned opinion, in the case of *Parkman* v. *Bowdoin*, 1 Sumner, 359. That was a case of a devise to A. for life, and after her death to her second son, B., and to his lawful begotten children, in fee simple forever; but in case he should die without children lawfully begotten, to C., the other son of A., and to his lawfully begotten children, in fee simple forever. At the time of making the will, B. had no children. And it was held that B. took a fee tail, with remainder to C. on an indefinite failure of issue of B. The court held, on principle and on authority, that the word "children" was to be construed as meaning issue or heirs of the body; the structure of the devise, in the opinion of the court, requiring such a construction, to effectuate the intention of the testator, which, if not inconsistent with the rules of law, must always govern.

The first ground of this decision was, that as the gift to B. and his children was immediate, and as he had no children when the will was made, they could not take as purchasers, by way of *descriptio personarum*, and therefore the word "children" was to be construed as a word of limitation; there being nothing in the will to indicate an intention that the children of B. were to take a remainder after his death. The rule relied on was laid down in *Wild's case*, 6 Co. 17, and has ever since been recognized as law. "And this difference," says Lord Coke, "was resolved for good law; that if A. devises his lands to B. and his children or issues, and he hath not any issue at the time of the devise, the same is an estate tail; for the intent of the testator is manifest and certain, that his children or issues should take; and as immediate devisees they cannot take, because they are not in *rerum naturâ*; and by way of remainder they cannot take, for

that was not his intent ; for the gift is immediate ; therefore there such words shall be taken as words of limitation."

This rule of construction was very fully considered by Lord Alvanley, in *Seale* v. *Barter*, 2 Bos. & Pul. 492 ; and various other cases, besides *Wild's case*, were referred to, confirming the same rule, which is confirmed also by numerous other decisions, which are referred to in *Parkman* v. *Bowdoin*. See 2 Crabb on Real Property, § 978.

Another ground of the decision in *Parkman* v. *Bowdoin*, was, that the devise over to C. and his children, in case B. should die without children lawfully begotten, indicated the same intention of the testator, namely, that the devise over should take effect only upon an extinction of the issue of B. ; and numerous cases are cited in support of this rule of construction. And on both grounds we concur in the opinion of the learned judge in the decision of that case, which, in principle, we consider as analogous to the case under consideration.

It is true that the defendant, at the time of the devise, had children, but he had no grandchildren, and by the express words of the will, they were to take under it, which they could not do, unless the defendant took an estate tail. So on the other ground of construction, we cannot doubt that the devise over to the heirs of Isaac Dodge was never intended to take effect, until after the indefinite failure of the issue of the defendant. We are therefore of opinion, that the words "children or grandchildren" were intended by the testator as words of limitation, and that the defendant took under the will an estate tail, and that, by his deed to the plaintiff, an estate in fee simple vested in him by virtue of the Rev. Sts. *c.* 59, § 3.

*Exceptions overruled.*