## MOORE, ADMINISTRATOR, v. GARY ET AL.

[No. 17,883. Filed December 7, 1897.]

WILLS.—*Devise of Real Estate.*—*Remainder.*—The law not only favors the vesting of remainders, but presumes that the words postponing the enjoyment of the estate relate to the beginning of the enjoyment of the remainder, and not to the vesting of such estate. *p. 53.*

SAME.—*Devise to One and His Children.*—*Common Law Rule.*—At common law a devise to one and his children carried an estate in joint tenancy when the person named had children living at the time of the devise, but when no such children existed, the term, children, was construed as a word of limitation and as equivalent to issue or heirs of his body, and the parent took an estate tail. *p. 53.*

SAME.—*Devise.*—*Contingent Remainder.*—*Heirs.*—When a devise is to a person and his issue, or to him and the heirs of his body, and is followed by a limitation over in case of his dying without leaving issue at his death, the only effect of these words is to make the remainder contingent on the prescribed event. *p. 54.*

SAME.—*Devise.*—*Remainder.*—*Statute of 1843.*—Under sections 56–74, R. S. 1843, what was an estate tail at common law is declared an estate in fee simple; yet, by express provision of the statute, a remainder may be limited thereon the same as an estate tail at common law. *pp. 55, 56.*

SAME.—*Devise.*—*Remainder.*—*Construction.*—Where real estate is devised in fee, simple to one, with a devise over if the first taker should die without issue living at the time of his death, the words refer to a death without issue during the lifetime of the testator, unless there is an express or an implied intention to the contrary. *p. 56.*

SAME.—*Construction.*—No word or clause in a will is to be rejected to which a reasonable effect can be given, and that effect must be given to every part of a will if possible. *p. 57.*

From the Ohio Circuit Court. *Reversed.*

*J. B. Coles, G. B. Hall* and *W. W. Williams,* for appellant.

*J. K. Thompson, D. S. Wilber, J. L. Davis, S. H. Stewart* and *R. L. Davis,* for appellees.

MONKS, J.—It is conceded by both parties to this appeal that the only question for decision depends

upon the construction of the sixth and seventh items of the will of Mahlon Brown, deceased. By the third item in his will, said testator devised to his wife, who survived him, all of his real estate during her natural life. Items six and seven, so far as essential to the determination of the questions involved, are as follows: "Sixth. At the death of my wife, or at my decease, if I should survive my said wife, I give, grant, devise, and bequeath all of the remaining portion of my personal property, including money on hand, or outstanding, and all my real estate of every kind and nature whatever, to the said John C. Wells and to his heirs, being his own children, forever. Seventh. I further direct that if said John C. Wells shall die without issue, that is without heirs, being his own children lawfully begotten, living at the time of his death, or if said John C. Wells shall die before my said wife, and she should survive me, then at her death, or if I should survive both my wife and said John C. Wells, then at my death, my estate, or the remaining part thereof, shall be reduced to money by the sale of the real and personal property other than money, and the same, when so reduced to money, shall be divided into three equal parts, and I devise and bestow the same as follows, viz."

Mahlon Brown died in 1849, and the will was probated November 27, 1849. Mrs. Brown, the widow of the testator, died in September or October, 1851. John C. Wells was married January 25, 1851, and died December 21, 1893, without children or their descendants living at the time of his death. He was the father of two children, one born December 3, 1851, and the other born in 1867; both died unmarried in 1872.

Appellant, after the death of John C. Wells, filed an application in the court below for an order to sell the real estate devised to said Wells, as directed in said

will, free from all claims of appellees, who claim title thereto under said Wells, and to quiet the title to said real estate as against said appellees. From the final judgment rendered in said proceeding this appeal is prosecuted by appellant.

Appellees claim that John C. Wells took an estate in fee simple under said will, and that the devise over in item seven was void. If the devise over in item seven was valid, this cause is to be reversed, otherwise, to be affirmed.

In this State the law not only favors the vesting of remainders, but also presumes that the words postponing the enjoyment of the estate relate to the beginning of the enjoyment of the remainder, and not to the vesting of such estate. *Moores* v. *Hare*, 144 Ind. 573, and cases cited. Under this well settled rule, whatever estate John C. Wells took under said will vested at once on the death of the testator.

At common law a devise to one and his children carried an estate in joint tenancy when the person named had children living at the time of the devise, but when no such children existed, the term "children," was construed as a word of limitation and as equivalent to "issue" or "heirs of his body," and the parent took an estate tail. *Wilds Case*, 6 Coke 17; *Hannam* v. *Osborn*, 4 Paige 336; *Nightingale* v. *Burrell*, 15 Pick. 104, 114; *Wheatland* v. *Dodge*, 51 Mass. 502; *Shotts* v. *Poe*, 47 Md. 513; *Parkman* v. *Bowdoin*, 1 Sumner 359, 18 Fed. Cas., p. 1213; *Wood* v. *Baron*, 1 East. 259; *Davie* v. *Stevens*, 1 Doug. 321; 3 Jarman on Wills (Rand. & T. ed.), 174, 177, 182, 204; 2 Jarman on Wills (6 Am. ed. by Bigelow), 383-390; Schouler on Wills (2d ed.), section 555. This rule of the common law has been held to be in force in this State. *King* v. *Rea*, 56 Ind. 1, 17; *Biggs* v. *McCarty*, 86 Ind. 352.

It follows, therefore, that if the words "John C.

Wells and his heirs being his own children forever," found in item six, are equivalent to the words "John C. Wells and his children forever," then the estate given to said Wells by item six, considered alone, without regard to item seven, as he had no child or children living at the death of the testator, was an estate tail at common law. If, however, the use of the word children in said cause only had the effect to qualify and restrict the meaning of the word heirs to the heirs or issue of his body, the estate would still be an estate tail. 29 Am. and Eng. Ency. of Law, 434; Hopkins on Real Property, p. 48. Hence, in either event, John C. Wells took an estate under item six of said will which at common law would have been an estate tail.

It is clear, from a consideration of the whole will, that the words "without issue, that is without heirs, being his own children lawfully begotten," in item seven of the will, have the same meaning as if only the words "without issue," or "without heirs of his body," had been used. The only effect of the use of the words "children lawfully begotten" was to qualify and restrict the meaning of the word heirs to the heirs of his body. *Parkman* v. *Bowdoin, supra; Haldeman* v. *Haldeman*, 40 Pa. St. 29; 5 Am. and Eng. Ency. of Law (2d ed.), 1093, 1094, and notes.

When a devise is to a person and his issue, or to him and the heirs of his body, and is followed by a limitation over in case of his dying without leaving issue *living at his death*, the only effect of these words is to make the remainder contingent on the prescribed event. These words do not prevent the prior devisee taking an estate tail under it. The result is, that if the tenant in tail has no issue at his death, the devise over takes effect; if otherwise, the devise over is defeated, notwithstanding a subsequent failure of issue.

2 Jarman on Wills (Bigelow's ed.), top p. 427, *pp. 1283, 1284; 1 Fearne on Rem. (Smith's ed.), note d, pp. 5, 6, also pp. 418-420, and note b, par. 11; 2 Fearne on Rem. (Smith's ed.), pp. 67, 68, sections 192-195; Smith on Ex. Int., pp. 67, 68, sections 192-195; *Taylor* v. *Taylor*, 63 Pa. St. 481, 485, 486; *Granger* v. *Granger*, 147 Ind. 95.

It would seem, therefore, that the devise over created a contingent remainder at common law. The question of whether the same was a contingent remainder is not material, however, for the reason that the revised statutes of 1843 concerning real property (sections 56-79, R. S. 1843, pp. 424-427), which was in force at the death of the testator, and when the will was probated, destroyed all distinctions between contingent remainders and executory devises, and also made other radical changes in the common law rules concerning real property. Contingent remainders and executory devises in said statute both come under the denomination of expectant estates. Said sections of the revised statutes of 1843 were taken from the New York revised statutes of 1829, 1 R. S. N. Y. 1829, pp. 722-726. The changes made by said statute in the common law rules concerning real property are pointed out in 4 Kent Comm., pp. 199-300. It is provided by section 56, R. S. 1843, p. 424, that all estates which, according to the common law, would be adjudged to be an estate tail, shall hereafter be adjudged a fee simple; and if no valid remainder shall be limited thereon, shall be a fee simple absolute. Section 57 provides, that "Where a remainder in fee shall be limited upon any estate which would be adjudged a fee tail, according to the law as it existed prior to the abolition of estates tail in this State, such remainder shall be valid as a contingent limitation upon a fee, and shall vest in possession, on the death of the first taker without issue,

living at the time of such death." Section 73 provides that "Where a remainder shall be limited to take effect on the death of any person without heirs, or heirs of his body, or without issue, the words, 'heirs' or 'issue' shall be construed to mean heirs or issue living at the death of the person named as an ancestor." It is also provided (section 74) that "Where a future estate shall be limited to heirs, or issue, or children, posthumous children shall be entitled to take the estate, in the same manner as if born before the death of their parent; and any future estate depending on the contingency of the death of any person without heirs, or issue, or children, shall be defeated by the birth of a posthumous child of such person, capable of taking by descent." It will be observed that while under our statute what was an estate tail at common law is declared an estate in fee simple, yet, by express provision of said statute, a remainder may be limited thereon the same as on an estate tail at common law.

It is contended by appellees that under the law as declared by this court in *Fowler* v. *Duhme,* 143 Ind. 248, and *Moores* v. *Hare, supra,* that said clause of item seven refers to the death of John C. Wells in the lifetime of the testator.

The rule is, that where real estate is devised in fee simple to one, with a devise over, if the first taker should die without issue living at the time of his death, the words refer to a death without issue during the lifetime of the testator, unless there is an express or implied intention to the contrary. *Fowler* v. *Duhme, supra,* and cases cited; *Moores* v. *Hare, supra,* and cases cited; *Harris* v. *Carpenter,* 109 Ind. 540, 544; *Heilman* v. *Heilman,* 129 Ind. 59, 64.

It is expressly provided in said item that the devise over was to take effect upon either of the following conditions: (1) If Wells should die without issue liv-

ing at the time of his death. (2) If Wells should die before the testator's wife and she should survive the testator. (3) If the testator should survive both Wells and his wife.

In the third condition the words refer to a death of Wells during the lifetime of the testator. In the second condition the words refer to a death of Wells in the lifetime of the widow, if she survive the testator, and this may be during the lifetime of the testator, or after his death. There is but one period during which Wells might die not provided for by conditions two and three, and that is, after the death of both the testator and his widow. It is a canon of interpretation that no word or clause in a will is to be rejected to which a reasonable effect can be given, and that effect must be given to every part of a will if possible. It is clear, we think, that the words in the first clause in said item, being the first condition stated, referred to the death of Wells after the death of both the testator and his widow, because by the two following clauses the testator provided for the death of Wells before the death of the widow, and before the death of the testator.

The words in said item refer, therefore, to the death of Wells after, as well as before, the death of the testator. For this reason the case in hand does not fall within the rule declared in *Fowler* v. *Duhme, supra,* and cases of that class.

John C. Wells died after the death of the testator, without issue living at the time of his death, and, by the terms of the will, the devise over took effect at that time, and the same is valid.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.