Morgan *v.* Robbins.

---

MORGAN ET AL. *v.* ROBBINS ET. AL.

[No. 18,474.     Filed March 31, 1899.]

WILLS.—*Construction.*—*Legacy.*—*Vesting of Estate.*—A bequest of $4,000 to testator's daughter, and providing that "If she shall die leaving no child surviving her, then said $4,000 shall be equally divided among my other heirs," refers to the death of such legatee during the lifetime of the testator.

From the Greene Circuit Court.     *Affirmed.*

*Emerson Short,* for appellants.

*Davis & Moffet,* for appellees.

MONKS, C. J.—George C. Morgan died testate in Greene county, Indiana, on December 15, 1894, leaving surviving him four sons and a daughter, Mary Morgan. The will

which was executed in February, 1893, was duly admitted to probate at said county. Mary Morgan, the daughter of said testator, married appellee Robbins in 1895, after the death of the testator; and she died intestate in 1896, leaving her husband, the appellee Robbins, and no child or children, or their descendants, surviving her.

The question presented in this case arises upon the following clause of said will: "I also give and devise to my said daughter, Mary Morgan, the sum of $4,000 and all my household goods. If she shall die, leaving no child surviving her, then said $4,000 shall be equally divided among my other heirs."

If the words in regard to the death of Mary Morgan refer to her death during the lifetime of the testator, this cause is to be affirmed; but, if they refer to her death after the death of the testator, the cause is to be reversed.

The settled rule in this State is that where real estate is devised in terms denoting that the devisee shall take an absolute interest on the death of the testator, coupled with a devise over in case of his death without issue, the words refer to a death during the lifetime of the testator, and the primary devisee surviving the testator takes an absolute interest. *Moores* v. *Hare*, 144 Ind. 573, 575, and cases cited; *Moore, Adm.*, v. *Gary*, 149 Ind. 51, 56, and cases cited; *Fowler* v. *Duhme*, 143 Ind. 248, and cases cited. The same rule applies to bequests of personal property. *Heilman* v. *Heilman*, 129 Ind. 59, 62; *Holbrook* v. *McCleary*, 79 Ind. 167; *Morrison* v. *Truby*, 145 Pa. St. 540, 546, 547, 22 Atl. 972, and cases cited; *King* v. *Frick*, 135 Pa. St. 575, 19 Atl. 951, 20 Am. St. 889; *Stevenson* v. *Fox*, 125 Pa. St. 568, 17 Atl. 480; *Fitzwater's Appeal*, 94 Pa. St. 141; *Mickley's Appeal*, 92 Pa. 514, 517; *Biddle's Estate*, 28 Pa. St. 59.

Under the law as declared in this State, it is clear that the words in regard to the death of Mary Morgan referred to her death during the lifetime of the testator, and that her

right to the legacy of $4,000 became vested and was absolute at the death of the testator.

° The judgment is therefore affirmed.