## HAYES ET AL. *v.* MARTZ ET AL.

[No. 5,974. Filed April 21, 1908. Rehearing denied March 30, 1909. Transferred to Supreme Court October 15, 1909.]

1. WILLS.— *Construction.— Intention.*— A will should be so construed as to carry out the intention of the testator, and the courts in doing so will consider all parts thereof. p. 706.

2. WILLS.—*Conditions.—Failure of.*—A provision in a will that if the devisee should die before he becomes twenty-one years old the property shall go to certain persons, will not be considered, where such devisee attained such age. p. 707.

3. WILLS.— *Language of.*— "*Descend.*"— The word "descend," as used in a will providing that "if said John Horsely Hayes shall die leaving children, the farm shall descend to them," means to "go to." p. 707.

4. WILLS.— *Devise of Fee Simple.— Subsequent Words Cutting Down.*—Where a provision of a will gave to the devisee a fee-

simple title, a subsequent clause, to cut down such estate, must use language equally clear and specific, limiting such estate. p. 708.

5. WILLS.—*Devise of Fee Simple.*—*Limiting.*—A will in form: "I will and bequeath unto my grandson * * * the farm on which I now live," and further providing in a subsequent clause that if such grandson should "die before he attains the age of twenty-one years, the property hereby willed to him shall be equally divided between my two children" and that if such grandson should "die leaving children, the farm shall descend to them, but it is not to be sold or disposed of by said" grandson, gives to such grandson a fee simple p. 709.

From Noble Circuit Court; *Joseph W. Adair,* Judge.

Suit by William D. Hayes and others against Anna Martz and others. From a decree for defendants, plaintiffs appeal. *Affirmed.*

Transferred to Supreme Court (see 173 Ind. 279).

*Wigton & Green, Peters & Peters* and *Robert W. McBride,* for appellants.

*T. A. Redmond, A. C. Harris, R. P. Barr* and *L. H. Wrigley,* for appellees.

WATSON, J.—This was a suit by appellants against appellees to quiet their title to certain land in Noble county, Indiana. Certain of the appellees filed cross-complaints, asserting title to portions of the land, and asking that their respective titles be quieted.

There was a trial by the court. Special findings were made, and conclusions of law stated thereon.

The decision of this case depends upon the construction of the will of John Horsely, great grandfather of appellants.

The court found that said John Horsely executed his last will and testament on October 5, 1848. The items thereof, upon the interpretation of which this case depends, are as follows:

"Item two. I will and bequeath unto my grandson, John Horsely Hayes, son of Jarvis and Mary Hayes, deceased, the farm on which I now live [describing it],

and I also bequeath to my grandson, John Horsely Hayes, $500 out of the proceeds of my personal estate.'' ''Item five.   *   *   * And I further will, shall . . . . . . . . . die before he attains the age of twenty-one years, the property hereby willed to him shall be equally divided between my two children, Richard Horsely and Ann Selder.  And if said John Horsely Hayes shall die leaving children, the farm shall descend to them, but it is not to be sold or disposed of by said John Horsely Hayes.''

The court further found the fact of John Horsely's death, and that said will was duly probated on March 12, 1850; that the devisee, John Horsely Hayes, was, at the time of such probate, less than twenty-one years of age, and was not married, and none of appellants, children of said John Horsely Hayes, were born until after 1866; that on March 16, 1866, said John Horsely Hayes, being then more than twenty-one years of age, conveyed said farm, by a deed of general warranty, to Henry S. Kimmell, who paid $8,000 therefor.   Appellees assert title to the land in question through conveyances by warranty deed from said Kimmell.

The conclusions of law were that appellants had no interest in the real estate in question; that appellees have judgment for costs, and that their titles to their several parts of said land be quieted.

Appellants excepted to the conclusions of law and assigned error on the overruling thereof.

Appellees contend, and it is conceded by appellants, that the second item of the will, standing alone, granted a fee simple in the land to John Horsely Hayes, but it is further urged by appellants that by reason of the fifth item in said will, said John Horsely Hayes's interest became a ''conditional, terminable or limited fee-simple estate.''

It is an elementary rule of construction that a will should be so construed as to carry into effect the intention of the testator; and that such intention will be determined

1.  by an examination of the entire will, and not from fragmentary clauses or statements.

Admitting, for the sake of argument, that the condition, that if John Horsely Hayes died before attaining the age of twenty-one years the property should be divided

2. between Richard Horsely and Ann Selder established a conditional or terminable fee, it is not material to the decision of this case, for the reason that the event which would terminate such fee has failed to occur within the prescribed time, and the estate has thereby become vested in said Hayes.

But appellants contend that in the clause,

"and if said John Horsely Hayes shall die leaving children, the farm shall descend to them, but it is not to be sold or disposed of by said John Horsely Hayes,"

the word "descend," as therein used, means "go to,"

3. and that the testator intended thereby to limit a fee to such children upon the fee devised to John Horsely Hayes.

It seems to be an accepted rule that where, by the terms of a will, an ancestor takes a life estate, and the remainder is "to descend" to persons who would be his heirs, the word "descend" will be interpreted to mean "go to," for the reason that after a life estate there is nothing to descend, and the devise operates to pass a fee to the remainderman immediately upon the death of the testator, possession only being postponed.

Likewise, where the word is used in connection with persons who would not take the property by operation of law, as descendants, it has been interpreted to mean "go to."

The authorities cited by appellants support these propositions, but they are not applicable to the facts in this case. There is nothing in the will to show that the testator intended to give said Hayes merely a life estate, and, as before stated, appellants concede that his interest was not that of a life tenant.

In the case of *Halstead* v. *Hall* (1883), 60 Md. 209, cited by appellants, it is said: "The use of the word 'descend,' in

a will, it is said in *Dennett* v. *Dennett* [1860], 40 N. H. 498, does not operate to work a descent in the legal, strict sense of the term, as inheritance is through operation of law; its employment, therefore, unless some other meaning is apparent, is to be taken as indicating the desire of the testator that his property shall follow the same channel into which the law would direct it.''

In the case at bar the word ''descend'' is used in connection with parties who would take the property as heirs of the devisee Hayes if he still retained the title at his decease. The fifth item of the will is open, therefore, to the construction that the testator desired the law to take its course after the decease of the devisee Hayes, and in order to accomplish it he attempted to restrict said Hayes's power of alienating such estate.

Where in one clause of the will real estate is devised in fee simple, in clear and decisive terms, it cannot be cut down by a subsequent clause, by any inference therefrom, 4. or by any subsequent words that are not as clear and decisive as the words of the clause giving the fee simple; and where a devise is plainly given in fee it will not be presumed that the testator meant by any subsequent words to reduce the estate to a conditional fee, unless the language employed so indicates such intent and is as clear and in as strong terms as the words used in giving the fee simple estate. *Logan* v. *Sills* (1902), 28 Ind. App. 170; *Hume* v. *McHaffie* (1907), 40 Ind. App. 703; *Bailey* v. *Sanger* (1886), 108 Ind. 264; *Wright* v. *Charley* (1891), 129 Ind. 257; *Ross* v. *Ross* (1893), 135 Ind. 367; *Rogers* v. *Winklespleck* (1896), 143 Ind. 373; *Mulvane* v. *Rude* (1896), 146 Ind. 476; *Rusk* v. *Zuck* (1897), 147 Ind. 388; *Langman* v. *Marbe* (1901), 156 Ind. 330; *Snodgrass* v. *Brandenburg* (1905), 164 Ind. 59, and cases cited; Schouler, Wills (3d ed.), §559.

It is evident that the second item of the will is sufficient of itself to invest said Hayes with the fee simple of the land

in question.  The subsequent item is not sufficiently clear to enable us to say, as a matter of construction, that the testator intended to cut down and limit the estate first granted, and deprive the devisee of the fee of the rights and privileges attaching thereto, one of which rights is the power of alienation.

It is also urged by appellants that the testator attempted to establish a fee tail, which by statute (R. S. 1843, p. 424) became a fee simple, but in this case a fee simple subject to a contingent remainder in favor of Hayes's children.  The question is whether said children took a contingent remainder in the farm in controversy.

In *Wild's Case* (1599), 6 Coke \*17, the devise was to "Rowland Wild and his wife, and after their decease to their children," and the court held that where land was devised to one and his children, if there were no children *in esse* at the time of the devise, the estate was an estate tail, for the reason that such children, not being *in esse,* could not take as devisees, and they could not take by way of remainder, for that was not the intention of the testator.  This is the law in Indiana.  *Moore* v. *Gary* (1897), 149 Ind. 51; *Biggs* v. *McCarty* (1882), 86 Ind. 352, 44 Am. Rep. 320; *King* v. *Rea* (1877), 56 Ind. 1, 15.

The case of *Moore* v. *Gary, supra,* is urged in support of the contention that devisee Hayes took a determinable and not an absolute fee simple.  In that case there was a devise of both personal and real property to one Wells "and to his heirs, being his children, forever."  It was then further provided that if said Wells die without lawfully begotten children living at the time of his death, then all the property was to be reduced to money and otherwise disposed of.

The contention was that Wells took a fee simple, and that the devise over was void.

The court held that Wells, by the terms of the will, took an estate tail, which, though declared by the statute (R. S. 1843, p. 424, §56), to be a fee simple, was not a fee simple

absolute, for the reason that there was a devise of the remainder over, and, by the same statute, the limitation of the remainder over was valid.

The facts of that case, therefore, are not parallel with those of the case at bar. Furthermore, it does not hold that where there is an attempt to establish an estate tail the ancestor takes a fee simple subject to a contingent remainder in the children. In this case there was no attempt by the testator to devise the remainder over.

Therefore, giving the will this construction, by operation of the statute (R. S. 1843, p. 424, §56), John Horsely Hayes, at the death of the testator, was vested with a fee simple in the farm devised.

Judgment affirmed.


## On Petition for Rehearing.

Watson, J.—Counsel for appellants urgently insist that the opinion in this case inadvertently states that it was contended by appellants that the will of John Horsely established a fee-tail estate. We did not understand counsel to withdraw, during the course of the oral argument, the argument to that effect advanced in the brief. Counsel earnestly urge that not only do they not contend that the will established a fee-tail estate, but, on the contrary, that they admit that in point of law such an estate was not created thereby. It is therefore just that appellants' position on that question be made clear. Since it is admitted, however, by both parties, that we correctly stated the law, we can perceive of no good reason for objecting thereto.

We agree with counsel that the rule on *Wild's Case* (1599), 16 Coke *17, as originally stated in the opinion, is too broad, and we have modified the original opinion accordingly, to meet the objections urged by appellants.

We have carefully considered appellants' petition and brief for rehearing, but find no reasons therein which con-

vince us that the principal opinion in this case should be otherwise modified. It may be that testator attempted to limit, in a manner, the fee simple devised in this will; but, for the reasons given in the original opinion, the attempt was unsuccessful.

We are not persuaded that the disputed items of the will are open to the construction contended for by appellants.

The petition for rehearing is therefore denied.