MILLER *v.* COX, EXECUTOR, ET AL.

[No. 13,260.   Filed March 27, 1929.]

E. H. *Stewart*, for appellant.

Thomas *Harvey Cox, Linton A. Cox* and *Horace F. Harvey*, for appellees.

LOCKYEAR, J.—This was an action brought by Linton A. Cox, executor, to construe the last will and testament of Mattie Osgood, deceased; to this action LeRoy B. Miller, appellant herein, was made a defendant and made answer and claims that under the terms of said decedent's last will and testament, he is entitled to the legacy described in Items 2 and 4 thereof, he being the husband of Sarah Edna Miller, who died prior to said testatrix, leaving no issue.

The cause was submitted to the court for trial without the intervention of a jury, and, pursuant to the request of the parties, the court made special findings of facts and conclusions of law based thereon.

Item 2 of said will reads as follows: "I give, devise and bequeath to my executor all my estate both real and personal and direct that he shall reduce the same to money and pay out of the cash proceeds thereof, the following bequests, to wit: to my brother, Burton Okey, Sr., the sum of Five Thousand ($5,000) Dollars; to my nephew Burton Okey, Jr., the sum of Five Thousand ($5,000) Dollars; to my niece, Sarah Edna Miller, the sum of Five Thousand ($5,000) Dollars; to my nephew, Charles Okey, the sum of Five Thousand ($5,000) Dollars; to Edith Danner, the daughter of my cousin, Asenath Danner, as her own absolutely, the sum of Two Thousand ($2,000) Dollars, to said Edith Danner, an additional sum of One Thousand ($1,000) Dollars to be used by said Edith Danner for the benefit of the two children of her brother Robert Danner, during their minority, according to her best judgment; to my uncle, Israel Baker, the sum of One Thousand ($1,000) Dollars."

Item 4 of said will reads as follows: "After the payment of my debts and after the payment of the seven bequests made in Item 2 of this my will, I direct that my executor shall next pay out of the cash proceeds of my estate to my trustee hereinafter named, Fifty Thousand ($50,000) Dollars in cash,

or so much thereof as my estate, if less, shall amount to after payment of debts and said bequests, which shall be by my trustee held in trust, and kept safely invested during the lives of my brother, Burton Okey, and his wife, Kate, my niece, Sarah Edna Miller, and my nephews, Burton Okey and Charles Okey, and [during] such time pay the net income of such trust fund after all expenses and taxes have been paid, semi-annually as follows: 1st. To my brother, one-half of said net income as long as he shall live. 2nd. To my niece, Sarah Edna Miller, one-third of the remaining half of said net income as long as she shall live, and to each of my nephews Burton Okey and Charles Okey, one-third of the remaining half of said net income as long as they shall respectively live.

"In the event my brother's wife, Kate, survives my brother, then the payment of one-half of the net income of said trust fund to my brother shall be divided and one-half thereof, continue to be made to his widow, Kate, as long as she shall live, and the other half in equal shares to my said niece and nephews, and upon the death of both my brother and his wife, Kate, the portion of said net income heretofore payable to my brother (or his wife) shall be payable in equal shares to my said niece and to my said nephews during their lives. Upon the death of either of my said niece or either of my two said nephews, then the trust shall cease as to such portion of said trust fund as in is proportion to that part of the net income which is provided therein for said deceased niece or nephew, and if such nephew or niece shall have left issue surviving, such part of said trust fund so released from the trust shall be paid absolutely by the trustee to the issue of the deceased niece or nephew, and on the other hand, if said deceased niece or nephew shall die leaving no issue, then such part of the trust fund so released from trust, shall be paid over absolutely to the lawful heirs of said deceased niece or nephew."

The court stated conclusions of law as follows:

(1) That because of the death of Sarah Edna Miller prior to the death of the testatrix, the bequest of $5,000 to Sarah Edna Miller mentioned in Item 2 of said last will and testament of Mattie Osgood, deceased, lapsed and is disposed of by the residuary clause of said last will and testament and should be paid by the executor to the residuary legatees.

(2) That the bequest of $5,000 in the last will and testament of Mattie Osgood, deceased, to the Rescue Mission and Home should be paid to the Wheeler City Rescue Mission by the executor.

(3) That the one-sixth part of the $50,000 trust fund the net income of which was to have been paid to Sarah Edna Miller, should not be paid to the trustee by the executor, but the one-sixth part of said $50,000 fund is a lapsed legacy, and it is the duty of the executor to pay the same to the residuary legatees.

The appellant in his brief admits that "if the words in regard to the death of Sarah Edna Miller refer to her death after the death of the testatrix, this cause should be affirmed; but if they refer to her death during the lifetime of the testatrix, this clause should be reversed as to the appellant, LeRoy B. Miller." *Morgan* v. *Robbins* (1899), 152 Ind. 362, 53 N. E. 283.

In connection with this rule, we quote from *Morgan* v. *Robbins, supra:* "The settled rule in this state is that where real estate is devised in terms denoting that the devisee shall take an absolute interest on the death of the testator, coupled with a devise over in case of his death without issue, the words refer to a death during the lifetime of the testator, and the primary devisee surviving the testator takes an absolute interest." *Moores* v. *Hare* (1896), 144 Ind. 573, 575, 43 N. E. 870, and cases cited; *Moore* v. *Gary* (1897), 149 Ind. 51, 56, 48 N. E. 630, and cases cited; *Fowler* v. *Duhme* (1896), 143 Ind. 248, 42 N. E. 623, and cases cited.

In the will in question, it is provided, "if said deceased niece or nephew shall die leaving no issue, then such part of the trust fund so released from trust shall be paid over absolutely to the lawful heirs of said deceased niece or nephew."

It is argued that this provision is within the rule in Shelley's case. In any event, no part of the $50,000 trust fund could ever reach an issue or heir of the niece of the testatrix, except through an act of payment by the executor to the trustee while the niece was living and after the death of the testatrix, and through a second act of payment by the trustee after the niece's death. The words are clear and there can be no mistake of the intent, and refer to the death of Sarah Edna Miller after the death of the testatrix.

Judgment affirmed.