MACY v. HAUEISEN, TRUSTEE ET AL.

[No. 14,979. Filed March 26, 1935.]

*Louis B. Ewbank,* for appellants.

*John G. Rauch,* for appellees.

DUDINE, P. J.—Maria F. Ritzinger died in the city of Indianapolis on July 22, 1918, leaving a last will, together with a codicil thereto.

By item one of the will she devised a one-third interest in fee simple in certain described real estate to her daughter, Marea F. Hare; and by item two of the will she devised a one-third interest in fee simple in said real estate to Julia F. Haueisen, another daughter.

Item 3 of the will reads as follows:

> "I devise and bequeath the remaining one-third interest in said above described real estate to William Haueisen, of Indianapolis, Indiana, as Trustee for the use and benefit of my daughter, Laura F. Briggs, during her life, with remainder to the children of my said daughter Laura F. Briggs, and to the survivor of them, share and share alike."

Item five provided for distribution of the residue of testatrix' estate, between her daughters Marea and Julia and William Haueisen, as such trustee for her daughter Laura, so that the daughters would share equally in the division of the estate.

Immediately following said provisions, and in the same grammatical paragraph, are these provisions,

> "Upon the death of my daughter Laura F. Briggs, it is my wish and desire that the trust hereby created in William C. Haueisen for the benefit of said Laura F. Briggs shall terminate, and the title to all property, real and personal, held by said William C. Haueisen, trustee for the benefit of Laura F. Briggs, shall immediately vest in the children of the said Laura F. Briggs, and the survivor of them, share and share alike."

The will is dated December 6, 1911.

The codicil is dated August 11, 1917, and reads as follows:

"In case of the death of Wm. S. Briggs, husband of Laura F. Briggs, I want my daughter, Laura F. Briggs, to have, and to hold the fee of her inheritance the same as do my daughter Marea F. Hare, and the heirs of my daughter Julia F. Haueisen, deceased."

Testatrix died July 22, 1918. Said William S. Briggs died February 6, 1921, leaving Laura F. Briggs, his wife, surviving him.

Laura F. Briggs had two daughters, viz., appellee Julia Fletcher Baker, wife of appellee David Baker, Jr., and Myla Fletcher Briggs, who died March 17, 1928. Myla left appellant Margaret Macy (sometimes known as Margaret Briggs) surviving her, as her only surviving descendant.

This is an appeal from a judgment rendered in a cause instituted by said trustee to have said will construed, and to determine in particular whether or not said Laura F. Briggs was entitled to a conveyance and delivery of said trust property, and what her rights are, under said will and codicil.

Appellee Laura F. Briggs filed an answer wherein she alleged that upon the death of her husband William S. Briggs, she was entitled to a conveyance of the trust property, in fee simple, free and clear of any rights and claims of other persons, and prayed a construction of the will to that effect, and asked that she be declared the owner in fee simple of said property.

Appellant, through a guardian *ad litem,* filed an answer alleging that as the sole surviving descendant of Myla Fletcher Briggs, deceased who was a daughter of appellee Laura F. Briggs, she, appellant, held an estate in remainder, in the one-sixth part of the property de-

vised by the will, subject only to a life estate of appellee Laura F. Briggs.

The issues were closed by general denials. The other appellees were defaulted. The cause was submitted to the court for trial without the intervention of a jury, and, request therefor having been duly made, the court made a special finding of facts, and stated conclusions of law. The conclusions of law were as follows:

"1. That ITEMS 3 and 5 of said Last Will and Testament and Codicil, as executed by testatrix, transferred to the plaintiff, WILLIAM C. HAUEISEN, as Trustee, the title to one-third part of the real estate described in said Will, and the personal property therein, described, in trust during the natural life of the defendant, Laura Fletcher Briggs, with remainder over to the children of said LAURA FLETCHER BRIGGS, said JULIA FLETCHER BAKER and MYLA FLETCHER BRIGGS.

"2. That said testatrix, MARIA F. RITZINGER, by the execution of said holographic Codicil, changed the terms of said trust and limited the life and continuance of said trust to the life of WILLIAM S. BRIGGS, the husband of said defendant, LAURA FLETCHER BRIGGS, and by the execution of said Codicil determined that the trust created by said Will should terminate upon the death of said WILLIAM S. BRIGGS, whether such death should occur before or after the death of testatrix.

"3. That said trust created by said Will of which plaintiff is Trustee, has expired, and the title to all the property subject to the trust as described in said will as heretofore held in trust by plaintiff has vested in and said property should be transferred and delivered unto said defendant, LAURA FLETCHER BRIGGS, as her sole and separate property."

Appellant took exceptions to each conclusion of law.

Judgment was rendered in accordance with the conclusions of law, and this appeal was perfected, the errors duly assigned being, error in each the second and third conclusions of law.

Appellant contends that item three of the will devised

to her, as sole surviving descendant of Myla Fletcher Briggs, deceased, daughter of appellee Laura F. Briggs, an estate of remainder in one-sixth of said property, subject only to a life estate therein of appellee Laura F. Briggs; that her mother's (Myla Fletcher Briggs') estate vested immediately upon the death of the testatrix, and that said devise was not "taken away" by any subsequent provisions of the will, nor by the codicil, and therefore appellee Laura F. Briggs should not be declared the owner in fee simple of one-third interest in the property.

The primary purpose of the construction of a will is to obtain testator's intention as to the manner in which he desired his estate to be distributed after his death, and to give effect to such intentions.

"The intention of the testator is to be collected from the entire will, and all papers which constitute the testamentary acts, including will and codicils, must be regarded as constituting the will. Schouler Wills, section 468. All these, no matter when actually written and signed, are to be considered as giving utterance to the testator's intention concerning the disposition of his estate, on the day of his death, thereby becoming in fact his last will and testament. . . . While it is true that a codicil is to be so construed as not to interefere with the disposition of property made in the will, to any greater extent than is required to give full effect to the codicil, it is also true that if any of the provisions of the codicil are repugnant to provisions contained in the will, the codicil is to be regarded as the expression of the testator's final determination upon the subject." *Sturgis* v. *Work* (1889), 122 Ind. 134, 22 N. E. 996.

In *Lee* v. *Lee* (1910), 45 Ind. App. 645, 647, 91 N. E. 507, this court said:

"A codicil is a clause added to the will after its execution, the purpose of which is either to alter enlarge or restrain the provisions thereof. It does not supersede or revoke the will as an after-made

will would do, but it is a part thereof, to be construed with it as one entire instrument."

Appellant contends that the codicil, if construed in accordance with rules of construction of wills and codicils, adopted by our Supreme Court, refers to the death of William S. Briggs *during the lifetime of the testatrix;* that it provides that appellee Laura F. Briggs should "hold the fee of her inheritance the same as do my daughter Marea F. Hare, and the heirs of my daughter Julia F. Haueisen, deceased" *only if said William S. Briggs precedes the testatrix in death.*

Appellant also directs our attention to a rule of construction which is stated in *Wright et al.* v. *Charley* (1891), 129 Ind. 257, 259, 28 N. E. 706, as follows:

"It is the well settled doctrine that the courts of this country will so construe a will, when not inconsistent with the intention of the testator, as to prevent the title to real estate from remaining contingent; and, unless there are plain indications to the contrary intent, will consider the entire title as vested in those claiming under the will, rather than in abeyance." See *Heilman* v. *Heilman* (1891), 129 Ind. 59, 28 N. E. 310; *Aldred* v. *Sylvester* (1916), 184 Ind. 542, 111 N. E. 914.

We acknowledge said rule of construction, but as will hereinafter be shown, we think there are plain indications which show that in the instant case testatrix intended that the estate devised to the children of Laura F. Briggs should not vest in them upon her (testatrix') death, but should be contingent upon the death of their mother before the death of their father.

In *Wright* v. *Charley, supra; Borgner* v. *Brown* (1893), 133 Ind. 391, 33 N. E. 92; *Hoover* v. *Hoover* (1888), 116 Ind. 498, 19 N. E. 468; *Harris* v. *Carpenter* (1887), 109 Ind. 540, 10 N. E. 422; *Aldred* v. *Sylvester, supra;* cited by appellant, the court held in effect that there were no plain indications that testator or testatrix intended to devise a contingent estate. (As being

a case where the court held that testatrix intended to devise a contingent estate although a provision in his will apparently devising an estate which would vest immediately upon the death of the testator, preceded provisions in the will which made the estate contingent upon another event, after testator's death, see *Curry* v. *Curry* [1915], 58 Ind. App. 567, 105 N. E. 951.)

Item three of the will, when considered separate and apart from the other provisions of the will and codicil, clearly devises a life estate to appellee Laura F. Briggs, and a remainder, after her life to her children. Said item, considered separately, would vest an estate in remainder in the children of appellee Laura Briggs immediately upon the death of the testatrix.

The provision of Item five, quoted above, specifically provided that the estate devised to said children should "vest" upon the death of appellee Laura F. Briggs. There is nothing in the record to show that testatrix used the word "vest" by mistake, or in any special sense of the word. In the absence of such a showing, we must presume that she used it advisedly, and in its usual sense. The word "vest" as used in said item means "take effect." See *Busick* v. *Busick* (1917), 65 Ind. App. 655, 668, 115 N. E. 1025, 116 N. E. 861; 67 C. J. 238. Therefore by said provision testatrix provided that title to the property should "take effect" in the children of appellee Laura F. Briggs at her (Laura F. Briggs') death. That provision indicates that testatrix did not want title to "vest" or "take effect" in the children at the death of the testatrix.

No distinction is made in the will as to the vesting of the children's estates in case Laura preceded her husband in death or vice versa; therefore the will, if considered separate and apart from the codicil, must be construed to provide that the estate of Laura's children

must vest in them at Laura's death regardless of whether Laura precedes her husband in death or vice versa.

Testatrix specifically said in her codicil that she wanted her daughter "to hold the fee of her inheritance the same as do my daughter Marea F. Hare and the heirs of my daughter Julia F. Haueisen, deceased." This provision, when considered separate and apart from the provisions of the will, simply and clearly shows that testatrix desired that if William S. Briggs died, leaving his wife Laura F. Briggs surviving him, Laura should have and hold the "fee" or title of her share in the estate the same as her sister Marea, and the heirs of her sister Julia, will hold the "fee" or title of their respective shares.

Laura F. Briggs did survive her husband William S. Briggs.

The will provided as to each of the sisters that if she survived testatrix, she should have an estate in *fee simple* to a one-third share in the estate. The codicil having expressed testatrix' desire that if Laura survived her husband, she (Laura) should have a similar fee in a one-third share of the estate as her sister Marea, and since the will gave Marea a title in fee simple, it *must be conceded* that testatrix desired that if Laura survived her husband, she (Laura) should have a "fee" or title in fee simple to a one-third share in the estate, that testatrix intended that under such circumstances Laura's children should obtain no interest in the property by virtue of the will.

The provisions of the codicil are repugnant to provisions in the will, inasmuch as the expression of testatrix' desire in the codicil that her daughter Laura have and hold a fee simple title to her one-third interest in the property "in case of death of Wm. S. Briggs" is repugnant to the provision

in item three of the will that her children obtain a "remainder" in the one-third interest subject to Laura's life estate, and inasmuch as said expressed desire in the codicil is repugnant to the provision in item five of the will that title to the trust property shall vest in her (Laura's) children upon Laura's death, regardless of whether Laura preceded or succeeded her husband in death. Therefore the codicil should be considered the final determination of the matter by the testatrix. *Sturgis* v. *Work, supra.*

Having construed the will and codicil as one instrument, and regarded the codicil as expressing testatrix' final determination on matters referred to therein, and permitting the provisions of the codicil to control as against provisions in the will which are repugnant to the provisions of the codicil, we are led to believe that testatrix, when she executed the will wanted to provide that her three daughters would share the estate equally, but for some reason, not shown in the record, testatrix wanted to avoid the possibility of inheritance of said property by Laura's husband, she devised a life estate in an equal share to Laura, and the remainder to Laura's children; that sometime after the will was executed testatrix realized that although she had by her will avoided the possibility of inheritance by Laura's husband, and provided that the remainder would go to Laura's children as against her husband if she (Laura) preceded him in death, there would be no need of avoiding a possibility of inheritance by Laura's husband if he preceded Laura in death; that she further realized that the provisions of her will would thwart her desire of an equal distribution of her estate between her three daughters if Laura's husband preceded her in death inasmuch as Laura's title would under no circumstances be more than a life estate, while Marea's title would be a title in fee simple—and that testatrix decided to

change her will, by executing the codicil, so that her "will" (and codicil) would provide an equal distribution to the three daughters in case Laura's husband preceded her (Laura) in death.

We hold that the will and codicil when construed in accordance with all recognized rules of construction of testamentary papers applicable, show with sufficient clarity, that the testatrix intended appellant's remainder to be contingent upon the death of Laura F. Briggs before the death of William S. Briggs, to overcome all legal presumptions to the contrary. We hold that the will gave to Laura F. Briggs a life estate, capable of being enlarged to an estate in fee simple, upon the death of her husband. (See *Nickerson* v. *Hoover, Admr.* [1919], 70 Ind. App. 343, 115 N. E. 588, where it was held that a will created a life estate capable of being enlarged to a fee.)

The evidence showing that her husband is dead, her estate is now an estate in fee simple.

No reversible error having been shown, the judgment is affirmed.